BLD-110                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4067
_____

In re: NICHOLAS PURPURA,
a sovereign citizen, and for people similarly situated
in New Jersey that hold citizenship in United States,
                                                         Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 3-15-cv-03534)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 14, 2016
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: January 22, 2016)
_____

OPINION*
_____

PER CURIAM

        Pro se petitioner Nicholas Purpura has filed a petition for writ of mandamus.  For

the reasons set forth below, we will deny the petition.

        In May 2015, Purpura filed a complaint in the District Court challenging the

constitutionality of a New Jersey law regulating the issuance of permits to carry

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

handguns in public. He named as defendants politicians who enacted the law, judges who have upheld it against previous constitutional challenges, and attorneys and police officials who have enforced it.

On August 13, 2015, Purpura filed a motion for a default judgment. On August 26, 2015, Purpura filed a motion for summary judgment against two defendants. Meanwhile, on September 3, 2015, the majority of the defendants filed a motion to dismiss the complaint. The parties have filed briefs responding and replying to each of these motions, which all remain pending in the District Court.

On December 31, 2015, Purpura filed a petition for mandamus in this Court. He objects to what he views as procedural violations that have occurred in the District Court. He has also asked us to order the District Court to rule on his motions for default judgment and summary judgment without delay.

We will deny Purpura's petition. Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief requested, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus may not be used as a substitute for appeal. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378–79.

Here, to the extent that Purpura has asked us to review the District Court's case-management decisions or procedural rulings, mandamus relief is unavailable because he may obtain that review on direct appeal once his case is finally resolved. See In re

2

Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."). Meanwhile, although it is true that mandamus may be warranted when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79, this case does not present such a situation. The motions in this case have been pending for, at most, five months, and in light of the extensive briefing submitted by the parties, this length of time "does not yet rise to the level of a denial of due process." Id. We are confident that the District Court will rule on Purpura's motions in due course.

Accordingly, we will deny Purpura's mandamus petition.